United States Court of Appeals
Fifth Circuit

**FILED**
May 28, 2003

Charles R. Fulbruge III
Clerk

FILED
U.S. DISTRICT COURT
Eastern District of Texas
JUN 2 3 2003
DAVID MALAND, CLERK
By _____ Deputy

2:96CV167 - DF

# UNITED STATES COURT OF APPEALS

## FIFTH CIRCUIT

No. 01-40382

LILO MCLEAN, Individually and Successor in Interest to David McLean Deceased; MARK HUTH, also known as Mark McLean, Individually,

Plaintiffs-Appellants,

versus

PHILIP MORRIS USA INC.; ET AL.,

Defendants,

PHILIP MORRIS USA INC.; LIGGETT & MYERS INC.; LIGGETT GROUP INC.; BROOKE GROUP INC.; BROWN & WILLIAMSON TOBACCO CORPORATION; AMERICAN TOBACCO CO.; B.A.T. INDUSTRIES PLC; LORILLARD TOBACCO COMPANY, INCORPORATED; THE COUNCIL FOR TOBACCO RESEARCH- USA, INCORPORATED; TOBACCO INSTITUTE INCORPORATED; BRITISH-AMERICAN (INVESTMENTS), LIMITED; R.J. REYNOLDS TOBACCO COMPANY,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Texas
No. 2:96-CV-167

---



Before EMILIO M. GARZA and DeMOSS, Circuit Judges, and DUVAL[*], District Judge.

PER CURIAM:[**]

Plaintiffs Lilo McLean and Mark Huth, the widow and son of decedent David McLean, appeal the district court's dismissal of their products liability claims against various tobacco manufacturers and related entities (hereinafter, "the Tobacco Companies"). Because we conclude that plaintiffs were judicially estopped from asserting that California substantive law governed their claims, we affirm.

David McLean lived for most of his adult life in California, where he succumbed to lung cancer in 1995. In August of 1996, his widow and son, both California residents, filed suit in federal district court in Texas under the Texas Wrongful Death Act, TEX. CIV. PRAC. & REM. CODE ANN. § 71.001 *et seq.*, and the Texas Survival Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 71.021, alleging that decedent's death was caused by the Tobacco Companies' products. Over the next three years, plaintiffs resisted the Tobacco Companies' attempts to transfer their suit to California and consistently urged the district court to apply the substantive law of Texas to their claims. In August of 1999, the district court concluded that Texas law applied and denied the Tobacco Companies' motion for judgment on the pleadings as to most of plaintiffs' claims. Upon reconsideration in light of our decision in *Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486 (5th Cir. 1999), however, the district court, in December of 1999, dismissed all of plaintiffs' claims except those for breach of

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

express warranty and manufacturing defect.[1] At this point, more than three years after filing suit, plaintiffs filed a motion for reconsideration, arguing for the first time that a conflict existed between Texas and California law and that, under Texas' choice of law rules, California had the "most significant relationship" to the litigation. After concluding that plaintiffs were not estopped from asserting that California law governed, the district court applied California law and again dismissed all of plaintiffs' claims except those for breach of express warranty and manufacturing defect. After plaintiffs voluntarily dismissed the remaining claims, the district court entered a final judgment in favor of the Tobacco Companies. Plaintiffs now appeal.

It is undisputed that plaintiffs' claims are barred under Texas law. On appeal, plaintiffs contend that the district court properly applied the substantive law of California but incorrectly concluded that they had not stated a valid claim for relief under that law. The Tobacco Companies respond that plaintiffs were judicially estopped from asserting that California law applied. We review the grant of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) *de novo*, *Brittan Communications Int'l Corp. v. Southwestern Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and we may affirm "the district court's judgment on any grounds supported by the record." *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992). The district court's decision whether to invoke the doctrine of judicial estoppel, however, is reviewed for an abuse of discretion. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999). "[T]he abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Id.* (quoting

---

[1] In *Sanchez*, we concluded that § 82.004 of the Texas Civil Practice and Remedies Code, which establishes statutory immunity for tobacco manufacturers and sellers in products liability actions, barred all theories of recovery—including claims based on the addictive properties of tobacco products—except breach of express warranty and manufacturing defect. 187 F.3d at 489-91.

*Koon v. United States*, 518 U.S. 81, 100 (1996)).

As an initial matter, plaintiffs argue that, because the Tobacco Companies did not file a cross-appeal, they are precluded from challenging the district court's estoppel determination. Because the district court's judgment was entirely favorable to the Tobacco Companies, this contention is without merit. As we explained in *In re Sims*:

> It is more than well-settled that a party cannot appeal from a judgment unless 'aggrieved' by it . . . . Simply stated, a party who has obtained a judgment in his favor, granting the relief sought, is not aggrieved by it. A cross-appeal filed for the sole purpose of advancing additional arguments in support of a judgment is 'worse than unnecessary', because it disrupts the briefing schedule, increases the number (and usually the length) of briefs, and tends to confuse the issues . . . . Such arguments should, instead, be included in the appellee's answering brief.

994 F.2d 210, 214 (5th Cir. 1993) (citations omitted).

Accordingly, we now consider whether plaintiffs were judicially estopped from asserting that California law governed their claims. "Under general principles of judicial estoppel, a party cannot advance one argument and then, for convenience or gamesmanship after that argument has served its purpose, advance a different and inconsistent argument." *Hotard v. State Farm Fire & Cas. Co.*, 286 F.3d 814, 818 (5th Cir. 2002); *see also United States v. McCaskey*, 9 F.3d 368, 379 (5th Cir. 1993) ("[T]he underlying purpose of the doctrine . . . [is] to protect the integrity of the judicial process and to prevent unfair and manipulative use of the court system by litigants."). Judicial estoppel applies where: (1) the position of the party to be estopped is clearly inconsistent with its previous position; and (2) that party was successful in convincing the court to accept its previous position. *In re Coastal Plains*, 179 F.3d at 206.

Here, plaintiffs successfully persuaded the district court that Texas' substantive law governed

their claims. Once, however, the district court concluded that Texas law barred most of those claims, plaintiffs reversed course and, in an attempt to breathe new life into their suit, argued for the first time in over three years of litigation that the substantive of law of California applied. This is precisely the type of tactic against which the doctrine of judicial estoppel is designed to protect. *See id.* ("The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and *prohibiting parties from deliberately changing positions according to the exigencies of the moment.*" (quoting *McCaskey*, 9 F.3d at 378 (emphasis added))).

Plaintiffs argue that judicial estoppel would be inequitable in this case because they were unaware of any conflict between Texas and California law prior to our decision in *Sanchez*. The record, however, indicates that, almost from the beginning, plaintiffs actively pursued the application of Texas law based on what they perceived to be its advantages over the law of California.[2] Moreover, plaintiffs were clearly aware of significant differences between Texas and California law after September of 1997, when the California legislature withdrew statutory immunity for tobacco manufacturers and sellers, CAL. CIV. CODE § 1714.45, *as amended by* CAL. STATS. 1997, ch. 570, § 1, while similar immunity remained intact in Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.004. Despite this awareness, plaintiffs continued to assert that Texas law governed until December of 1999, when the district court, applying Texas law, dismissed almost all of their claims.

Plaintiffs also contend that applying judicial estoppel would be unfair because the Tobacco

---

[2] In particular, plaintiffs relied heavily on dicta in a footnote in the Texas Supreme Court's decision in *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 427 n.2 (Tex. 1997), which, they contended, created an exception to § 82.004 immunity for addiction claims. We expressly rejected this contention in *Sanchez*. 187 F.3d at 490-91.

Companies argued that California was the proper venue and that no choice of law analysis was necessary since plaintiffs' claims failed under both Texas and California law. As we concluded in *In re Coastal Plains*, however, the actions of other parties are not determinative because "the purpose of judicial estoppel is to protect the integrity of courts, not to punish adversaries or to protect litigants." 179 F.3d at 213 (rejecting plaintiffs' contention that "judicial estoppel would be inequitable because [creditor] also took inconsistent positions on issues related to its defense").

As the Seventh Circuit observed in *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995), "[i]t is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless." For the foregoing reasons, we conclude that, under these facts, the district court abused its discretion in concluding that plaintiffs were not judicially estopped from asserting that California law governed their claims. Nevertheless, because it is undisputed that plaintiffs have not stated a valid claim for relief under Texas law, we AFFIRM the judgment of the district court.